UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JOHN WALLACE, : Civil Action No. 07-4918(NLH)
et al., :
:
Plaintiffs, :
:
v. : OPINION
:
RICHARD ABELL, :
SPECIAL MASTER OF UNITED STATES :
COURT OF FEDERAL CLAIMS, and :
JAN HORBALY, CLERK OF THE :
UNITED STATES COURT OF APPEALS :
FOR THE FEDERAL CIRCUIT, :
et al., :
Defendants. :

**APPEARANCES:**

John Wallace
P.O. Box 8732
Allentown, PA 18105-8732
    *Pro se*

Virginia R. Powel, Esquire
Paul Kaufman, Esquire
U.S. Attorney's Office
615 Chestnut St
Suite 1250
Philadelphia, PA 19106-4476
    *On behalf of defendants*



**HILLMAN**, District Judge, District of New Jersey[1]

This matter has come before the Court on the motions of

defendants Richard Abell, Special Master in the United States

Court of Federal Claims, and Jan Horbaly, the Clerk of the United

States Court of Appeals for the Federal Circuit, to dismiss

_____

[1]Designated for service in the Eastern District of
Pennsylvania pursuant to the provisions of 28 U.S.C. § 292(b) as
ordered by the Honorable Anthony J. Scirica, Chief Judge of the
United States Court of Appeals for the Third Circuit.

plaintiffs' claims pursuant to Federal Civil Procedure Rule 12(b)(1) and 12(b)(6) for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. Also before the Court is defendants' motion to strike plaintiffs' "Entry of New Defendants."  For the reasons expressed below, defendants' motions will be granted.

## BACKGROUND

Plaintiffs, John Wallace, Margaret Wallace, their living eleven children, and their two deceased children,[2] have filed a 213 page complaint, in addition to numerous exhibits, against defendants relating to a 1996 lawsuit brought in the U.S. Court of Claims with regard to the vaccination of one of the Wallace children.  It appears from the voluminous and rambling complaint that plaintiffs claim that their constitutional rights were

_____

[2]As defendants note, neither Mr. Wallace nor Mrs. Wallace, who are appearing pro se, can represent the interests of their minor children.  See Osei-Afriyie v. Medical College of Pennsylvania, 937 F.2d 876, 882 (3d Cir. 1991) (holding as a general proposition that a non-lawyer appearing pro se is not entitled to play the role of attorney for his children in federal court).  Further, Mr. Wallace cannot serve in the role of attorney for anyone but himself, and his deceased children have no individual standing.  See 28 U.S.C.A. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally . . . .");  Iannaccone v. Law, 142 F.3d 553, 558 (3d Cir. 1998) (stating that "because pro se means to appear for one's self, a person may not appear on another person's behalf in the other's cause"–"[a] person must be litigating an interest personal to him");  Adelsberger v. United States, 58 Fed. Cl. 616, 618 (2003) ("A person who dies prior to filing suit is not a legal entity.").  The status of each Wallace plaintiff is moot, however, because as discussed below, none of plaintiffs' claims can stand against these defendants.

violated when defendant Special Master Abell, who was assigned to
adjudicate plaintiffs' case brought under the National Childhood
Vaccine Injury Act of 1986, acted improperly by finding that the
Wallaces had not provided any expert medical opinion to support
their claim that the polio vaccine caused the death of their
child and also exposed the rest of the family to polio.  It
appears that plaintiffs are also complaining that defendant
Horbaly, in her position as Clerk of the U.S. Court of Claims,
denied him access to the courts because they were not informed
that Special Master Abell dismissed their complaint in a timely
manner, and, consequently, their appeal of that decision was
denied because it was filed out-of-time.

    Both defendants have moved to dismiss plaintiffs' claims.
Defendants have also moved to dismiss plaintiffs' "Entry of New
Defendants," which adds as defendants Virginia Gibson and Paul
Kaufman, who are the Assistant United States Attorneys (AUSAs)
assigned to represent defendants in this case.  Plaintiffs have
opposed these motions.

**DISCUSSION**

**A.   Jurisdiction**

    Because plaintiffs have brought claims pursuant to <u>Bivens v.
Six Unknown Named Agents of the Federal Bureau of Narcotics</u>, 403
U.S. 388 (1971), for alleged violations of their civil rights,
this Court has jurisdiction of this matter pursuant to 28 U.S.C.

3

§ 1331.

**B.    Motion to Dismiss Standard**

When considering a motion to dismiss a complaint for failure
to state a claim upon which relief can be granted pursuant to
Fed. R. Civ. P. 12(b)(6), a court must accept all well-pleaded
allegations in the complaint as true and view them in the light
most favorable to the plaintiff.  <u>Evancho v. Fisher</u>, 423 F.3d
347, 351 (3d Cir. 2005).  It is well settled that a pleading is
sufficient if it contains "a short and plain statement of the
claim showing that the pleader is entitled to relief."  Fed. R.
Civ. P. 8(a)(2).  Under the liberal federal pleading rules, it is
not necessary to plead evidence, and it is not necessary to plead
all the facts that serve as a basis for the claim.  <u>Bogosian v.
Gulf Oil Corp.</u>, 562 F.2d 434, 446 (3d Cir. 1977).  However,
"[a]lthough the Federal Rules of Civil Procedure do not require a
claimant to set forth an intricately detailed description of the
asserted basis for relief, they do require that the pleadings
give defendant fair notice of what the plaintiff's claim is and
the grounds upon which it rests."  <u>Baldwin County Welcome Ctr. v.
Brown</u>, 466 U.S. 147, 149-50 n.3 (1984) (quotation and citation
omitted).

A district court, in weighing a motion to dismiss, asks
"'not whether a plaintiff will ultimately prevail but whether the
claimant is entitled to offer evidence to support the claim.'"

4

Bell Atlantic v. Twombly, 127 S. Ct. 1955, 1969 n.8 (2007)

(quoting Scheuer v. Rhoades, 416 U.S. 232, 236 (1974)); see also

Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008)

(stating that the "Supreme Court's Twombly formulation of the

pleading standard can be summed up thus: 'stating ... a claim

requires a complaint with enough factual matter (taken as true)

to suggest' the required element.  This 'does not impose a

probability requirement at the pleading stage,' but instead

'simply calls for enough facts to raise a reasonable expectation

that discovery will reveal evidence of' the necessary element").

A court need not credit either "bald assertions" or "legal

conclusions" in a complaint when deciding a motion to dismiss.

In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1429-30

(3d Cir. 1997).   The defendant bears the burden of showing that

no claim has been presented.  Hedges v. U.S., 404 F.3d 744, 750

(3d Cir. 2005) (citing Kehr Packages, Inc. v. Fidelcor, Inc., 926

F.2d 1406, 1409 (3d Cir. 1991)).

     Finally, a court in reviewing a Rule 12(b)(6) motion must

only consider the facts alleged in the pleadings, the documents

attached thereto as exhibits, and matters of judicial notice.

Southern Cross Overseas Agencies, Inc. v. Kwong Shipping Group

Ltd., 181 F.3d 410, 426 (3d Cir. 1999).  A court may consider,

however, "an undisputedly authentic document that a defendant

attaches as an exhibit to a motion to dismiss if the plaintiff's

claims are based on the document." <u>Pension Benefit Guar. Corp.</u>
<u>v. White Consol. Indus., Inc.</u>, 998 F.2d 1192, 1196 (3d Cir.
1993).   If any other matters outside the pleadings are presented
to the court, and the court does not exclude those matters, a
Rule 12(b)(6) motion will be treated as a summary judgment motion
pursuant to Rule 56.   Fed. R. Civ. P. 12(b).

###   C.   **Whether Plaintiffs' Claims Against Defendants Should be Dismissed**

Defendants have moved to dismiss the claims against them
because they are immune from suit.   It is well-settled that
judges, as well as court personnel whose functions are intimately
or closely associated with the judicial process, are absolutely
immune from suits arising from their official duties.   <u>See</u>
<u>Mireless v. Waco</u>, 502 U.S. 9, 9-10 (1991) (explaining that
"judicial immunity is an immunity from suit, not just from
ultimate assessment of damages," and that "judicial immunity is
not overcome by allegations of bad faith or malice"); <u>Pierson v.</u>
<u>Ray</u>, 386 U.S. 547, 553-554 (1967) ("Few doctrines were more
solidly established at common law than the immunity of judges
from liability for damages for acts committed within their
judicial jurisdiction . . . ."); <u>Gallas v. Supreme Court of</u>
<u>Pennsylvania</u>, 211 F.3d 760, 766 (3d Cir. 2000) (dismissing claims
against the Deputy Court Administrator of the Family Court
Division on the basis of absolute quasi-judicial immunity because

the claims arose from the administrator's duties for the court).

Defendants here are immune from suit because plaintiffs' claims arise out of defendants' judicial duties.  The claims against Special Master Abell arise from his handling of plaintiffs' case before him in his role as an adjudicator by appointment of the U.S. Court of Federal Claims, and the claims against Clerk Horbaly arise from his duties in docketing documents and transmitting court documents.  Consequently, because defendants are immune from suits based on these type of claims, plaintiffs' complaint against them must be dismissed.

### D.   Whether plaintiffs' "Entry of New Defendants" should be stricken

On April 25, 2008, plaintiffs submitted a document titled "Entry of New Defendants."[3]  Plaintiffs have submitted this

---

[3]As defendants note, this document was not entered onto the as of the time defendants filed their motions on May 22, 2008. This occurred because rather than filing their "Entry of New Defendants" with the clerk's office for the Eastern District of Pennsylvania, plaintiffs mailed this document directly to the undersigned's chambers, and the document was viewed to be a courtesy copy.  After being informed that this document was not filed on the Eastern District of Pennsylvania's docket, it was, along with plaintiffs' "Memorandum of Law in Opposition to Fallacious Statements Filed by US Attorneys," sent to the clerk's office for docketing.

Incidentally, in this and several other cases appointed to this Court, because plaintiffs began to send their filings either directly to chambers or to the clerk's office for the District of New Jersey, an order was entered directing plaintiffs to submit their filings directly to the clerk's office for the Eastern District of Pennsylvania.

filing pursuant to Federal Civil Procedure Rule 15(d), which provides, in relevant part, "On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." This "supplemental pleading" asks that Chief Assistant United States Attorney Virginia Gibson and Assistant United States Attorney Paul Kaufman be added as defendants to their complaint.

This "supplemental pleading" must be stricken for two reasons.  First, plaintiffs have failed to file a motion for leave to file a supplemental pleading, which is a requirement of Rule 15(d).  Second, even if the Court were to construe plaintiffs' filing as a motion for leave, adding these additional defendants would be futile.

Ms. Gibson and Mr. Kaufman are the Assistant United States Attorneys (AUSAs) who have appeared in this case to represent defendants.  Plaintiffs claim that in their representation of defendants, these AUSAs have "perpetrated attorney fraud."  The alleged fraud is that the AUSAs have misinterpreted the Third Circuit's decision in Wallace v. Federal Judges, Civ. Action No. 07-1315, to this Court.  In that case, the Third Circuit, citing Osei-Afriyie v. Medical College of Pennsylvania, 937 F.2d 876, 882 (3d Cir. 1991), determined that Mr. Wallace could not represent Mrs. Wallace and was only able to assert his own

8

claims.  Plaintiffs disagree with that ruling, arguing that
Osei-Afriyie only stands for the proposition that a parent
appearing pro se cannot represent the interests of his child.
Plaintiffs also contend that the Third Circuit's ruling was based
on the AUSAs misleading interpretation of Osei-Afriyie.

     Plaintiffs' request for the addition of these AUSAs to this
case fails for many reasons.  Primarily, plaintiffs' claim of
fraud based on actions taken in another case is not properly
asserted in this case.  Additionally, even if the AUSAs'
"misinterpretation" of Osei-Afriyie was also implicated here,
that conduct would have arisen in the context of defending
Special Master Abell and Clerk Horbaly.  Such conduct is
protected by the judicial privilege and absolute immunity.  See
General Refractories Co. v. Fireman's Fund Ins. Co., 337 F.3d
297, 311-12 (3d Cir. 2003) (citing Post v. Mendel, A.2d 351, 353
(Pa. 1986)) (other citations omitted); Barrett v. U.S., 798 F.2d
565, 572 (2d Cir. 1986) (citing Mitchell v. Forsyth, 472 U.S. 511
(1985); Butz v. Economou, 438 U.S. 478 (1978) ("Although
government defense counsel, not having selected the other party
as the target of the litigation, is in a more passive position
than a prosecutor or plaintiff's representative, he nevertheless
functions in an adversarial arena where 'there is, if not always
a winner, at least one loser,' and since he is charged with a
public trust he should not be inhibited in the faithful
performance of his duties by the threat of harassing lawsuits

9

against him. His function as a government advocate therefore entitles him to absolute immunity, which is 'necessary to assure that . . . advocates . . . can perform their respective functions without harassment or intimidation.'").

Consequently, plaintiffs' "Entry of New Defendants" must be stricken.

**CONCLUSION**

For the reasons expressed above, plaintiffs' claims against defendants must be dismissed, and plaintiffs' "Entry of Defendants" must be stricken.   An appropriate Order will issue.

Dated: _July 17, 2008_


_Noel L. Hillman_

NOEL L. HILLMAN, U.S.D.J.

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN WALLACE,<br>et al., | : | Civil Action No. 07-4918(NLH) |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | **ORDER** |
| | : | |
| RICHARD ABELL,<br>SPECIAL MASTER OF UNITED STATES<br>COURT OF FEDERAL CLAIMS, and<br>JAN HORBALY, CLERK OF THE<br>UNITED STATES COURT OF APPEALS<br>FOR THE FEDERAL CIRCUIT,<br>et al.,<br>Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>: | |

F I L E D

∙ ∙ 2 2 2008

MICHAEL ∙∙∙∙∙∙, Clerk
By_____Dep. Clerk

For the reasons expressed in the Court's Opinion filed even date,

**IT IS HEREBY** on this ____17th____ day of __July__, 2008

**ORDERED** that defendants' motion to dismiss plaintiffs' complaint [9] and defendants' motion to strike plaintiffs' "Entry of New Defendants" [10] are **GRANTED**; and it is further

**ORDERED** that the Clerk of the Court shall mark this action as **CLOSED**.

Noel L. Hillman

NOEL L. HILLMAN, U.S.D.J.